IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUDFREY GONZÁLEZ-MADERA,

Plaintiff

v.                                                    CIVIL 08-1260 (JA)

NARCISO DE JESÚS, et al.,

Defendant

OPINION AND ORDER

This matter is before the court on motion for leave to amend the pleadings filed by plaintiff, Ludfrey González-Madera, on December 10, 2009.  (Docket No. 57.)  The defendants, Administration of Corrections ("AOC"), Narciso de Jesús-Cardona, Edward García-Soto, Freddy Alicea-González and Jorge Silvestrini-Ruiz filed a motion in opposition on December 14, 2009.  (Docket No. 59.)  For the reasons set forth below, plaintiff's motion is hereby GRANTED.

I.  PROCEDURAL BACKGROUND

On February 29, 2008, plaintiff, proceeding pro-se, filed a complaint under 42 U.S.C. § 1983.  (Docket No. 1.)  In the complaint, the AOC, the Correctional Health Services Inc., ABC Insurance for Correctional Health Services and "John Doe" were named as the defendants.  (Id. at 1.)  Plaintiff alleged that his constitutional rights were violated by the defendants because he was deprived of medical and health services.  (Id. at 1, ¶ 3.)  As a result of the defendants' actions

CIVIL 08-1260 (JA)                      2

plaintiff seeks compensation of $300,000 as well as punitive damages.  (Id. at 2, ¶ 8.)

On August 15, 2008, through his legal representation, plaintiff filed an amended complaint to add defendants that were not named in the original complaint.  (Docket No. 11.)  Plaintiff's amended complaint now included as defendants Sergeant García, Sergeant Cosme, Sergeant Jusino, Correctional Officer Vázquez, Correctional Officer Alicea, Correctional Officer Rodríguez, Correctional Officer Figueroa, Warden Narciso de Jesús, Captain Silvestrini, and Lieutenant Lucas. (Id. at 2, ¶ 5.)  Plaintiff alleges that the defendants in violation of the Civil Rights Act of 1871 through their acts and omissions denied him medical and health services that he was entitled to under the Eight and Fourteenth Amendment of the United States Constitution.  (Id. at 3, ¶ 8.)

On February 17, 2009, plaintiff's amended complaint was answered by the defendants.  (Docket No. 40.)  On March 4, 2009, the court issued a Scheduling Order setting the discovery deadline for July 30, 2009, and the dispositve motion deadline for August 1, 2009.  (Docket No. 43.)  Meanwhile, the pre-trial conference was scheduled to take place on December 30, 2009, and jury trial was set for  January 11, 2010. (Docket No. 46.)  On August 12, 2009, plaintiff filed a motion requesting an extension of time to complete discovery.  (Docket No. 50.) Plaintiff also requested that the pre-trial conference be rescheduled.  (Id.)  On

CIVIL 08-1260 (JA)                              3

September 4, 2009, plaintiff's motion was granted and on November 18, 2009, the court issued an order rescheduling the pre-trial conference for May 6, 2010 and the jury trial for June 7, 2010.  (Docket Nos. 53 & 56.)  Also, according to the order the parties would propose a discovery timetable once the case had some form.  (Docket No. 53.)

On December 10, 2009, plaintiff filed a motion for leave to amend the pleadings.  (Docket No. 57.)  In his motion plaintiff states that Dr. Negrón, Medical Director of the prison; Mirna Nazario, pharmacist for the prison; and Mara Vázquez, evaluator of the grievance procedure of the prison, have to be included as defendants.  (Id. at 1, ¶ 1.)  Along with the motion, plaintiff attached a proposed second amended complaint  containing the allegations against the new defendants as well as the full names of most of the defendants that already were included in the case.  (Docket No. 57-2.)  According to plaintiff, Dr. Negrón and Mrs. Nazario have denied him the medication prescribed by his prison treating physicians.  (Id. at 3, ¶ 7.)  As to Mrs. Vázquez, plaintiff states that she has been deliberately indifferent towards his medical needs by failing to give proper attention to his complaints.  (Id. at 3-4, ¶ 8.)

On December 14, 2009, the defendants opposed the amendment of the pleadings as well as the inclusion of the additional defendants.  (Docket No. 59.)  According to the defendants, plaintiff cannot be allowed to include the above

CIVIL 08-1260 (JA)                          4

mentioned persons as additional defendants at this time because the claims against them are time barred.  (Id. at 2, ¶¶ 4 & 5.)  The defendants also contend that if plaintiff is allowed to amend the pleadings the proceedings would be delayed.  (Id. at 2-3, ¶ 6.)

## II. ANALYSIS

"Federal Rule of Civil Procedure 15(a) provides that where, as here, an answer to the complaint has already been filed, 'a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.'" Redondo Const., Co. v. Izquierdo, 249 F.R.D. 411, 411 (D.P.R. 2007) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

This however does not mean "that leave to amend is always permitted because the 'court has discretion to deny leave to amend in the face of "extraordinary long and essentially unexplained delay."'" Redondo Const., Co. v. Izquierdo, 249 F.R.D. at 411 (quoting  Johnson v. Educ. Testing Serv., 754 F.2d 20, 27 (1st Cir. 1985) (citing Carter v. Supermarkets Gen. Corp., 684 F.2d 187, 192 (1st Cir. 1982)).

In other words "an amendment [does not have] to be granted when it is clear that there are good and compelling reasons to decline to do so." Redondo Const., Co. v. Izquierdo, 249 F.R.D. at  411.

CIVIL 08-1260 (JA)                    5

Plaintiff's motion for leave to amend the pleadings was filed almost two years after the original complaint was filed, and 16 months after the first amended complaint was filed.  "[F]indings of undue delay often occur in cases where a year or longer has elapsed between . . . plaintiff['s] last filed complaint and the request for leave to amend."  Febus-Cruz v. Sauri-Santiago, 652 F. Supp. 2d 166, 168 (D.P.R. 2009) (citing Badillo-Santiago v. Naveira-Merly, 378 F.3d 1, 7-8 (1st Cir. 2004) (thirteen to fourteen months); Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998) (fifteen months); Grant v. News Group Boston, Inc., 55 F.3d 1, 6 (1st Cir. 1995) (fourteen months)).

Plaintiff "has the burden of showing some 'valid reason for [his] neglect and delay'" when in cases such as the present one a "considerable [amount] of time has elapsed between the filing of the [amended] complaint and the motion to amend."  Rivera Vélez v. P.R. Elec. Power Auth., 201 F.R.D. 289, 291 (D.P.R. 2001) (quoting Grant v. News Group Boston, Inc., 55 F.3d at 6 (citing Stepanischen v. Merchants Despatch Trans. Corp., 722 F.2d 922, 933 (1st Cir. 1983)).  Nevertheless, plaintiff has failed to do so.  In his motion plaintiff only states that as a result of an ongoing investigation he identified new defendants that needed to be included in the case.  Other than that plaintiff did not offer any other reason that would justify the delay in filing the motion to amend the pleadings.  What plaintiff has shown is a "lack of diligence, for . . . [his] belated

CIVIL 08-1260 (JA)                          6

acquisition of this information."   Rivera Vélez v. P.R. Elec. Power Auth.,   201 F.R.D. at 291. However, I cannot find that any significant burden would be imposed either on the defendants or on the court since there is no indication that discovery has been completed.  The court has not set a deadline for discovery nor for filing non-dispositive motions.

Nevertheless, in order for the court to allow plaintiff to add new defendants and allegations at this stage of the proceedings the relation back requirements must be meet.  "Rule 15(c)(1) makes [it] clear that if Puerto Rico law allows relation back, that law should control to save the claim." Rivera v. Alvarado, 240 F. Supp. 2d 136, 141 (D.P.R. 2003) (citing Rivera-Ramos v. Román, 156 F.3d 276, 282 (1st Cir. 1998) ("For section 1983 actions, federal law governs the date on which the cause of action accrues while the length of the period and tolling doctrine are taken from local law."))  There are at least two instances where the law of Puerto Rico allows for relation back.

The first case in which relation back is allowed occurs when a plaintiff seeks to amend the complaint in order to identify "John Doe" defendants.  See Del Valle v. Vornado Realty Trust, 515 F. Supp. 2d 222, 226 (D.P.R. 2007) and Santiago v. Becton Dickinson & Co., S.A., 539 F. Supp. 1149, 1153-54 (D.P.R. 1982).  Rule 15(c)(1)(C) states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the

CIVIL 08-1260 (JA)                            7

naming of the party against whom a claim is asserted . . . ."  Fed. R. Civ. P. 15(c)(1)(C); see Educadores Puertorriqueños v. Rey Hernández, 508 F. Supp. 2d 164, 179 (D.P.R. 2007).  "[I]n order for the substitution to relate back to the date of filing of the [amended] complaint: (1) the amendment must have arisen from the same transaction as the original pleading, (2) the newly-named defendant must have received notice of the claim prior to expiration of the term to serve the complaint, i.e., 120 days from having filed suit, and (3) but for a mistake in identity plaintiff would have named the substituting defendant in the original pleading." Educadores Puertorriqueños v. Rey Hernández, 508 F. Supp. 2d at 179 (citing Leonard v. Parry, 219 F.3d 25, 28 (1st Cir. 2000)).  "The current Puerto Rico provision for amendments to the complaint mirrors its federal counterpart." Educadores Puertorriqueños v. Rey Hernández, 508 F. Supp. 2d at 179.

        The second instance where relation back is permitted is under Puerto Rico's doctrine of solidarity which "allows a plaintiff to amend a complaint to include joint tortfeasors not originally included in the complaint so long as the [amended] complaint was timely filed and the element of solidarity was well pled." Rivera v. Alvarado, 240 F. Supp. 2d at 141 (citing Arroyo v. Hospital La Concepción, 130 D.P.R. 596 (1992)).  "All that is required is that the newly added tortfeasors are solidarily liable with the original defendants and that the causes of action asserted against them are identical to those alleged against the original defendants."

CIVIL 08-1260 (JA)                              8

Rivera v. Alvarado, 240 F. Supp. 2d at 141 (citing Rodríguez-Narváez v. Nazario, 895 F.2d 38, 44 (1990); Tokyo Marine & Fire Ins. Co. v. Pérez & Cia., de P.R., Inc., 142 F.3d 1, 4 (1st Cir. 1998)).

In this case it is not clear whether the defendants that plaintiff wishes to add are for the purpose of identifying "John Doe" defendants or to include joint tortfeasors that were not originally included in the complaint.

Under the first scenario, even assuming that plaintiff was in fact seeking to identify "John Doe" defendants, he has not shown that the defendants had notice of the action within the period prescribed by Federal Rule of Civil Procedure 4(m). In addition, plaintiff also has not shown that if not for a mistake the substituting defendants would have been named in the original complaint.  The addition of the new defendants may present a claim arising out of the same conduct, transaction, or occurrence set out in the original pleading.  Plaintiff however has not shown that this requirement is met.  Therefore, it is evident that plaintiff's effort to include Dr. Negrón, Mrs. Nazario and Mrs. Vázquez as defendants is futile since he has failed to met all of the requirements under Rule 15(c)(3).

However, under the second scenario plaintiff would be allowed to add new defendants as joint tortfeasors because the claims against them are identical to those alleged in the amended complaint.  Also, although the amended complaint does not expressly state that the defendants are solidarily liable for the damages

CIVIL 08-1260 (JA)                    9

he claims to have suffered, it does however state that they were caused by the defendants' alleged acts and omissions.  The law of Puerto Rico states that in order to determine whether or not two or more persons can be held jointly and severally liable as joint tortfeasors, it is necessary that their combined negligence caused plaintiff's damages.  Wojciechowicz v. United States, 474 F. Supp. 2d 291, 295 (D.P.R. 2007).  Therefore, based on the claims made by plaintiff, Dr. Negrón, Mrs. Nazario and Mrs. Vázquez are solidarily liable with the defendants that were originally named in the amended complaint.  What is left to decide is whether or not the filing of the original complaint and the amended complaint tolled the statute of limitations as to the unnamed defendants.

"In Puerto Rico, the one year statutory limitation for tort action governs § 1983 claims."  García-Rodríguez v. Laboy, 598 F. Supp. 2d 186, 193 (D.P.R. 2008) (citing Article 1868(2) of the Civil Code, P.R. Laws Ann. tit. 31, § 5298(2); Altair Corp. v. Pesquera de Busquets, 769 F.2d 30, 31 (1st Cir. 1985)).  Tolling provisions are also governed by the law of Puerto Rico.  See Rivera-Ramos v. Román, 156 F.3d at 282.  "[T]he filing of a timely complaint, will toll the statute of limitations for the entire duration of the case, regardless of its outcome."  Rivera v. Alvarado, 240 F. Supp. 2d at 142.  Also, "[a]ny subsequent amendments to the complaint adding joint tortfeasors and alleging the same claims filed against

CIVIL 08-1260 (JA)                    10

the original defendants are consequently not time barred.  Id. (citing Tokyo Marine & Fire Ins. Co. v. Pérez & Cia., de P.R., Inc., 142 F.3d at 9-10.)

However, "the date of accrual is a federal law question." García-Rodríguez v. Laboy, 598 F. Supp. 2d at 193 (citing Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir. 1997)).  As such, "[t]he one-year statute of limitations 'begins running one day after the date of accrual, which is the date plaintiff knew or had reason to know of the injury.'" García Rodríguez v. Laboy, 598 F. Supp. 2d at 193 (quoting Benítez-Pons v. Commonwealth of P.R., 136 F.3d 54, 59 (1st Cir.1998)). "[A] plaintiff is deemed to know or have reason to know 'at the time of the act itself and *not at the point that the harmful consequences are felt*.'" Morán-Vega v. Cruz-Burgos, 537 F.3d 14, 20 (1st Cir. 2008) (quoting Marrero-Gutiérrez v. Molina, 491 F.3d 1, 6 (1st Cir. 2007)).

The last acts and omissions by the defendants which allegedly caused plaintiff's damages occurred on September 2007.  From thereon the clock began running because plaintiff knew about the damages he allegedly suffered as a result of the defendants' conduct.  The statutory period therefore would have expired on September 2008.  The original complaint was filed by plaintiff on February 29, 2008.  The complaint was later amended on August 15, 2008.  It is clear that both the complaint and the amended complaint were filed in a timely manner before the statutory period could expire.  Thus, the statute of limitations

CIVIL 08-1260 (JA)                        11

as to the unnamed defendants was tolled.   Having met the relate back requirements under Puerto Rico's solidarity doctrine, plaintiff is allowed to add Dr. Negrón, Mrs. Nazario and Mrs. Vázquez as defendants as well as the allegations that are made against them.

III.  CONCLUSION

In view of the above, plaintiff's motion for leave to amend the pleadings is GRANTED.

At San Juan, Puerto Rico, this 20th day of January,  2010.

S/ JUSTO ARENAS<br>Chief United States Magistrate Judge